Filed 2/22/16  P. v. Maldonado CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>JUAN FRANCISCO MALDONADO,<br><br>  Defendant and Appellant. | F070860<br><br>(Super. Ct. No. DF009264A)<br><br>**OPINION** |

-ooOoo-

## THE COURT*

APPEAL from a judgment of the Superior Court of Kern County.  John R. Brownlee, Judge.

Sylvia Whatley Beckham, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

\*    Before Levy, Acting P.J., Kane, J. and Franson, J.

## INTRODUCTION

Appellant Juan Francisco Maldonado appeals from the trial court's denial of his petition seeking resentencing pursuant to Penal Code section 1170.126. [1] The petition was denied because the trial court found Maldonado ineligible based upon his prior conviction for a sexually violent offense for which he was serving an indeterminate life sentence. Appellate counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436. We affirm.

## FACTUAL AND PROCEDURAL SUMMARY

Maldonado filed a petition for recall of sentence on October 6, 2014. The petition alleged that Maldonado was serving a third strike sentence of 25 years to life based upon a conviction for possession of heroin in prison, a violation of section 4573.6. The petition acknowledged that Maldonado had suffered two prior felony convictions, including a conviction for oral copulation in concert, a violation of section 288a, subdivision (d). In the petition, Maldonado asserted that none of his prior convictions were for a violent sexual offense listed in Welfare and Institutions Code section 6600, subdivision (b), or a serious and/or violent felony offense punishable by life in prison.

The People opposed the motion, asserting that Maldonado was ineligible for resentencing because of the section 288a, subdivision (d) conviction. A report from the probation office opined that Maldonado was ineligible for resentencing because he had suffered a conviction for violating section 288a, subdivision (d) and had been sentenced pursuant to section 667.61. The section 288a, subdivision (d) offense was a sexually violent offense listed in Welfare and Institutions Code section 6600, subdivision (b), making Maldonado ineligible for resentencing pursuant to Penal Code section 667, subdivision (e)(2)(C)(iv)(I). The probation report also noted that Maldonado's sentence

---

[1] References to code sections are to the Penal Code unless otherwise specified.

under section 667.61 was for an indeterminate sentence of 25 years to life, consequently he also was ineligible for resentencing pursuant to section 667, subdivision (e)(2)(C)(iv)(VIII).

A hearing on the petition was held on January 15, 2015. At the hearing, the People submitted into evidence a certified copy of Maldonado's driver's license from the Department of Motor Vehicles (DMV) and a certified copy of the CLETS data base report for appellant.

The trial court found that the certified CLETS report and certified DMV copy of Maldonado's license established that Maldonado was in fact the person who had suffered a conviction in Sacramento County Superior Court for violating section 288a, subdivision (d) and had been sentenced on that offense pursuant to section 667.61.

The trial court ruled that Maldonado was ineligible for resentencing pursuant to section 667, subdivision (e)(2)(C)(iv)(I) based upon his prior conviction for violating section 288a, subdivision (d), which qualified as a sexually violent offense pursuant to Welfare and Institutions Code section 6600, subdivision (b). The trial court also held that Maldonado was ineligible based upon section 667, subdivision (e)(2)(C)(iv)(VIII), in that he had been sentenced to an indeterminate life sentence pursuant to section 667.61.

On January 15, 2015, Maldonado filed an appeal of the denial of his petition for resentencing. Appellate counsel was appointed for Maldonado on March 26, 2015.

## DISCUSSION

Appellate counsel filed a *Wende* brief on April 23, 2015. That same day, this court issued its letter notifying Maldonado he had the right to submit a supplemental brief. No supplemental brief was received from Maldonado.

Maldonado's appeal from the denial of a petition for resentencing is authorized by section 1237, subdivision (b). (*Teal v. Superior Court* (2014) 60 Cal.4th 595, 601.)

On a petition for resentencing, "a trial court need only find the existence of a disqualifying factor by a preponderance of the evidence." (*People v. Osuna* (2014) 225 Cal.App.4th 1020, 1040.) Here, the petition for resentencing filed by Maldonado

3.

acknowledged he had a prior conviction for violating section 288a, subdivision (d); the People produced a certified CLETS report establishing that Maldonado had suffered the conviction and was sentenced to an indeterminate life term for the offense; and certified DMV records established that Maldonado was the person referenced in the CLETS report.

The trial court did not err in determining that Maldonado was ineligible for resentencing pursuant to section 667, subdivision (e)(2)(C)(iv)(I) and (VIII).

After an independent review of the record, we find that no reasonably arguable factual or legal issues exist.

## DISPOSITION

The January 15, 2015, order denying the petition for resentencing is affirmed.